**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TECHNOLOGY PROPERTIES LIMITED and PATRIOT SCIENTIFIC CORPORATION,** ) ) ) ) | |
| Plaintiffs, ) | Case No. 2:08-cv-00226-TJW |
| v. ) ) | JURY TRIAL DEMANDED |
| **HTC CORPORATION and HTC AMERICA, INC.,** ) ) ) | |
| Defendants. | |

**DEFENDANTS HTC CORPORATION'S AND HTC AMERICA, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER**

**TABLE OF CONTENTS**

I.   STATEMENT OF THE ISSUES ...........................................................................................1

II.  BACKGROUND ..................................................................................................................2

   A.  HTC's First-Filed Declaratory Judgment Action and Plaintiff's Belated
       Infringement Actions .......................................................................................................2

   B.  Both Plaintiffs Are Located in California ........................................................4

   C.  The Inventors Listed on the Patents-In-Suit Reside in the Northern District of
       California ................................................................................................................ 4

   D.  The HTC Entities Have No Presence in the Eastern District of Texas................ 5

III. ARGUMENT................................................................................................................. 5

   A.  The "First-to-File" Rule Favors Dismissal of This Action or Transfer to the
       Northern District of California, Where That Court Retains Jurisdiction Over a
       Substantially Identical, First-Filed Action ..........................................................6

   1.  The First-Filed Court's Decision to Retain Jurisdiction Under the First-to-File
      Rule Renders This Case Duplicative and Unnecessary  ........................................7

   2.  This Court Should Defer to the First-Filed Court and Transfer the Case to the
      First-Filed Court ................................................................................................8

   3.  The Court Should Dismiss or Transfer this Action Because the Northern District
      of California Is the More Convenient Forum  .....................................................8

IV. CONCLUSION .............................................................................................................12

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Cadle Co. v. Whataburger of Alice*,
   174 F.3d 599 (5th Cir. 1999) ...................................................................................... 2, 8

*California Security Cooperative v. Multimedia Cablevision, Inc.*,
   897 F. Supp. 316 (E.D. Tex. 1995) .................................................................................. 7

*Colo. River Water Conservation District v. United States*,
   424 U.S. 800 (1976) ......................................................................................................... 7

*Eskofot A/S v. E.I. du Pont de Nemours & Co.*,
   872 F. Supp. 81 (S.D.N.Y 1992) ..................................................................................... 11

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
   518 F.3d 897 (Fed. Cir. 2008) ............................................................................... 6, 9, 10

*Nat'l Instruments Corp. v. Softwire Tech., LLC*,
   No. 2:03-CV-047, 2003 U.S. Dist. LEXIS 26952 (E.D. Tex. May 9,
   2003) ................................................................................................................................. 6

*Pittman v. Moore*,
   980 F.2d 994 (5th Cir. 1993) ........................................................................................... 8

*Save Power Ltd. v. Syntek Finance Corp.*,
   121 F.3d 947 (5th Cir. 1997) ........................................................................................... 7

*Texas Instruments v. Micron Semiconductor*,
   815 F. Supp. 994 (E.D. Tex. 1993) .................................................................................. 6

*In re Volkswagen of America, Inc.*,
   545 F.3d 304, 2008 WL. 4531718 (5th Cir. Oct. 10, 2008) .............................. 9, 10, 11

*West Gulf Maritime Association v. ILA Deep Sea Local*,
   751 F.2d 721 (5th Cir. 1985) ....................................................................................... 6, 7

### STATE CASES

*Huntsman Corp. v. International Risk Insurance Co.*,
   No. 1:08-CV-029, 2008 WL. 1836384 (E.D.Tex. Apr. 22, 2008) ................................... 6

## DOCKETED CASES

*HTC Corp. v. Technology Properties Ltd.*,
 No. C08 00882 (N.D. Cal. *filed* Feb. 8, 2008) .................................................................1

## FEDERAL STATUTES

28 U.S.C. Section 1404(a) ........................................................................................5, 9, 10

## I. STATEMENT OF THE ISSUES

Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC") move to dismiss or, in the alternative, transfer this patent infringement suit in deference to a valid, declaratory judgment action filed by HTC in the Northern District of California more than three months before Plaintiffs initiated the present action.  *See* Declaration of Mark F. Lambert in Support of Defendants HTC Corporation's and HTC America, Inc.'s Motion to Dismiss or, in the Alternative, Transfer (the "Lambert Decl."), Ex. 1 (Complaint in *HTC Corp. v. Technology Properties Ltd.*, No. C08 00882 (N.D. Cal. *filed* Feb. 8, 2008) (the "California Action")).  The California Action involves the same parties, the same patents-in-suit, and will present identical questions of fact and law as would the present action.

The decision of whether this dispute should be heard in California or Texas has already been resolved.  The judge in the California Action (Hon. Jeremy Fogel) has decided to retain jurisdiction over HTC's declaratory judgment action, and has denied Plaintiffs' motion to dismiss, stay, or transfer the California Action to this Court.  Lambert Decl., Ex. 3 (Order Denying Motions to Dismiss, to Transfer Venue, and to Stay (the "October 21 Order")) at 2.  Judge Fogel found that venue was more appropriate in the Northern District of California than in Texas because, among other reasons, HTC's action was the first-filed case and Northern California is the more convenient forum for the parties and witnesses.  *Id.* at 6.  Judge Fogel further indicated his expectation that the present Texas action would be transferred to the Northern District of California by noting in his order that "[u]pon a decision by this Court to maintain jurisdiction over this action, the Eastern District of Texas can be expected to apply a first-to-file analysis that will result in a transfer of the second-filed Texas actions to this Court."  Lambert Decl., Ex. 2 at 7.  Plaintiffs have since filed their answers in the California Action and asserted patent infringement counterclaims against HTC, meaning that all of the issues potentially raised

in the present action are now joined in the ongoing California Action.  *See* Lambert Decl., Ex. 4 (Defendants' Answer and Counterclaim in the California Action).

Fifth Circuit law is clear that (a) the court where the first-filed action is pending is the court that should decide whether or not a dispute will be resolved in the first-filed forum, and (b) the first-filed judge's decision must be adhered to by the second-filed court.  *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 602, 604, 606 (5th Cir. 1999). Judge Fogel's decision denying Plaintiffs' motion to transfer in the California Action requires that Plaintiffs abandon their attempts to seek duplicative litigation in this Court, and that these actions be either dismissed or transferred to the Northern District of California for consolidation with pending litigation there.

In addition to being the venue of the first-filed action, the Northern District of California is clearly the more convenient forum because both Plaintiffs and at least one of the two inventors of the patents-in-suit are located in California.  *See* Declaration of Hogo Ho in Support of Defendants' Motion to Dismiss or, in the Alternative, Transfer (the "Ho Decl.") ¶¶ 4, 6; Lambert Decl., Ex. 7.  Likewise, HTC's witnesses can more easily travel to the Northern District of California than the Eastern District of Texas.  *See* Ho Decl. ¶¶ 4-5.  And finally, HTC's first-filed declaratory judgment action encompasses all of the parties and patents in the present action, as well as additional patents and parties involved in Plaintiffs' other belatedly filed actions in this Court.  *See* Lambert Decl., Ex. 2 (Amended Complaint in the California Action) at 1.

## II.   BACKGROUND

### A.   HTC's First-Filed Declaratory Judgment Action and Plaintiff's Belated Infringement Actions

Beginning in 2005 and continuing into 2008, plaintiffs Technology Properties Limited ("TPL") and Patriot Scientific Corporation ("Patriot Scientific"), through their licensing arm, Alliacense Limited ("Alliacense"), demanded that HTC and its subsidiaries enter into a royalty-bearing license for its "Moore Microprocessor Patent"

2

("MMP") Portfolio.[1] Ho Decl. ¶¶ 2, 3. These demands were accompanied by allegations of infringement, along with claim charts and threatening letters. *Id.* The threats led to negotiations between the parties which were eventually unsuccessful. *Id.* ¶ 3. By February 2008, it was clear that HTC and the TPL entities had reached an impasse. *Id.*

HTC filed a declaratory judgment action in the Northern District of California on February 8, 2008 (the "California Action").[2] Lambert Decl., Ex. 1. The operative complaint in the California Action seeks declaratory judgment of non-infringement and invalidity as to the following MMP Patents: U.S. Patent Nos. 5,809,336 ("'336 Patent"), 5,440,749 ("'749 Patent"), and 6,598,148 ("'148 Patent"), 5,784,584 ("'584 Patent"), and 5,530,890 ("'890 Patent"). Lambert Decl., Ex. 2 ¶ 15-24. HTC's first-filed California Action addresses the patent at issue before this Court (i.e., the '890 Patent), and names as defendants the two plaintiffs in this action, as well as Alliacence – the licensing arm of TPL which also has interests in the patent-in-suit.

On April 25, 2008, more than two months after the commencement of the California Actions, TPL and its co-defendants in the California Actions filed a series of

---

[1] The MMP Patents include the patent in suit, U.S. Patent No. 5,530,890 (the "'890 Patent"), as well as U.S. Patent Nos. 5,809,336 (the "'336 Patent"), 5,440,749 (the "'749 Patent"), 6,598,148 (the "'148 Patent"), and 5,784,584 (the "'584 Patent"), which are all at issue in the first-filed action in the Northern District of California. Lambert Decl. ¶¶ 10; Lambert Decl., Ex. 2 ¶¶ 15-24. In addition to the MMP Patents, the plaintiffs also own, control and license a second family of patents called the Core Flash Patents, which – as explained below – are the subject of related suits in the Northern District of California. Lambert Decl. ¶ 8; *see also infra*, note 2.

[2] HTC's declaratory judgment action, N.D. Cal. Case No. 08-00882-JF, has been related to N.D. Cal. Case No. 08-00877-JF filed by Acer, Inc., Acer America Corporation, and Gateway, Inc., and N.D. Cal. Case No. 08-00884-JF filed by ASUSTeK Computer, Inc., all of which were filed on February 8, 2008. Lambert Decl. ¶ 11. These actions are collectively referred to as the "California Actions." These related actions involve a total of nine patents in the MMP and Core Flash Patent families – the same nine patents that the TPL entities have asserted in their various subsequent lawsuits against the same parties in this district. *Id.*

infringement lawsuits against HTC in this district, asserting various groupings of MMP Patents.[3] On the same day, plaintiffs moved to dismiss or transfer all of the first-filed California Actions to this district. Lambert Decl., Ex. 5 at Dkt. Nos. 15-20. The Northern District of California denied the TPL entities' motions to dismiss on October 21, 2008 and retained its jurisdiction over the lawsuits. Lambert Decl., Ex. 3 at 8. The parties to the California Actions participated in a mediation hearing on October 14, 2008, and a further case management conference on November 7, 2008. Lambert Decl., Ex. 5 at Dkt. Nos. 50-51.

### B. Both Plaintiffs Are Located in California

Plaintiff TPL is a California corporation that maintains its principal place of business in Cupertino, California, located in the Northern District of California. Complaint ¶ 1. Plaintiff Patriot Scientific has its principal place of business in Carlsbad, California, located in the Southern District of California. *Id.* ¶ 2. Neither TPL nor Patriot Scientific can allege any significant presence the Eastern District of Texas.[4]

### C. The Inventors Listed on the Patent-In-Suit Reside in the Northern District of California

TPL and Patriot Scientific are co-owners of the '890 Patent, entitled "High Performance, Low Cost Microprocessor." Complaint ¶ 8. TPL is the exclusive licensee of this patent. *Id.* The inventors listed on the face of the '890 Patent are Charles H.

---

[3] The initial suits filed by TPL in the Eastern District of Texas alleging infringement include Case No. 2:02-cv-00172-DF (asserting the '336 Patent, the '749 Patent, and the '148 Patent); Case No. 2:02-cv-00174-TJW (asserting the '584 Patent); Case No. 2:08-cv-00175-TJW-CE (asserting U.S. Patent Nos. 7,295,443 and 7,162,549); and Case No. 2:08-cv-00177-CE (asserting the '336 and '749 Patents, as well as U.S. Patent Nos. 6,976,623 and 6,438,638), all filed on April 25, 2008. Lambert Decl. ¶ 12. Subsequently, TPL filed the instant suit and Case No. 2:08-cv-00227-DF (asserting the '890 Patent) on June 4, 2008. *Id.* ¶ 13.

[4] Like the plaintiffs, Alliacense is also located in Cupertino, California. Lambert Decl., Ex. 2 ¶ 6.

4

Moore of <u>Woodside, California</u> and Russell H. Fish, III of <u>Mountain View, California</u>.[5] Lambert Decl., Ex. 7. Both of these cities are located in the Northern District of California.

### D. The HTC Entities Have No Presence in the Eastern District of Texas

HTC is a Taiwan corporation headquartered in Taoyuan, Taiwan. Ho Decl. ¶ 5. It conducts its business in the United States, including sales and distribution of its products, through HTC America, a U.S. subsidiary of HTC which is headquartered in Seattle, Washington. *Id.* ¶ 4. Representatives from both HTC entities can more conveniently travel to the Northern District of California than to Texas to attend proceedings and appear as witnesses: they can fly directly to the Northern District of California on non-stop commercial flights, and can reach that district in half the time required to reach the Eastern District of Texas. *Id.* ¶ 4, 5. Neither HTC Corporation nor HTC America has a place of business or any significant business contacts in the Eastern District of Texas, and neither has any reason to believe that any relevant witnesses are located there. *Id.* ¶ 6.

### III. ARGUMENT

Since HTC's California Action was filed months in advance of this action, and involves all of the parties and all of the patents at issue in this case, the first-to-file rule

---

[5] The '890 Patent lists Mr. Fish as residing in Mountain View, California, but the '148 Patent lists Mr. Fish as residing in Dallas, Texas. TPL has claimed through the declaration of its counsel in the first-filed declaratory judgment action in the Northern District of California that Mr. Fish currently resides in Dallas. However, even if Mr. Fish does reside in Dallas, Dallas is located in the Northern District of Texas, not the Eastern District. If Mr. Fish does live in Dallas, his testimony can be taken in the Northern District of Texas pursuant to Rule 45. Further, the residence of one inventor does not outweigh the substantial factors, as discussed *infra*, which make the Northern District of California a more convenient and appropriate forum for this action.

5

militates in favor of dismissal of this action. Alternatively, the first-to-file rule requires transfer to the Northern District of California, which recently decided to retain jurisdiction over the California Action. As recognized in the Northern District of California's October 21 Order, well-settled Fifth Circuit doctrine favoring first-filed cases, as well as the Federal Circuit's recent decision in *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008), direct this result because the California action is (1) a legitimate first-filed declaratory judgment action involving the same parties and patents; and (2) the convenience factors under 28 U.S.C. Section 1404(a) strongly favor the Northern District of California as the proper venue.[6]

> **A. The "First-to-File" Rule Favors Dismissal of This Action or Transfer to the Northern District of California, Where That Court Retains Jurisdiction Over a Substantially Identical, First-Filed Action**

The Fifth Circuit follows the first-to-file rule. *West Gulf Maritime Ass'n v. ILA Deep Sea Local*, 751 F.2d 721, 730 (5th Cir. 1985). Under the rule, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *Id.* at 729.

In deciding whether to apply the first-to-file rule, the Court must resolve two questions: (1) are the two pending actions so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take it. *Nat'l Instruments Corp. v. Softwire Tech., LLC*, No. 2:03-CV-047, 2003 U.S. Dist. LEXIS 26952, at *2 (E.D. Tex. May 9, 2003); *Texas Instruments v. Micron Semiconductor*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). The initial consideration of substantial overlap is satisfied when the first-filed action and the second-filed action(s) involve closely related questions, common subject

---

[6] Indeed, in light of the October 21 Order, Plaintiffs should have voluntarily dismissed this and all related actions pursuant to Rule 41(a). In fact, counsel for HTC repeatedly requested that they do so. *See* Lambert Decl. ¶¶ 14-15.

6

matter, or substantially overlapping core issues. *Texas Instruments*, 815 F. Supp. at 997. The two cases need not be identical or involve identical parties for a substantial overlap to exist. *Huntsman Corp. v. Int'l Risk Ins. Co.*, No. 1:08-CV-029, 2008 WL 1836384, at *4 (E.D.Tex. Apr. 22, 2008) (*citing Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997); *West Gulf Maritime Ass'n*, 751 F.2d at 730).

Here, HTC's first-filed California declaratory judgment action completely encompasses the subject matter of the present action.  <u>The California court expressly recognized that the first-filed action "will settle the legal relations of the parties."</u> Lambert Decl., Ex. 3 at 7.  Dismissal or transfer of the later-filed action pursuant to the first-to-file rule is especially warranted where, as here, the first-filed court has decided to retain jurisdiction over the parties' claims.

### 1. The First-Filed Court's Decision to Retain Jurisdiction Under the First-to-File Rule Renders This Case Duplicative and Unnecessary

The first-to-file rule counsels dismissal of this action because the same issues will be fully adjudicated in HTC's legitimate, first-filed declaratory judgment action.  The "first-to-file" rule is rooted in "principles of comity and sound judicial administration." *Save Power Ltd.*, 121 F.3d at 950.  Further, deference to substantially similar, first-filed actions arises from principles of abstention, which instruct federal district courts to avoid duplicative litigation. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *California Security Coop v. Multimedia Cablevision, Inc.*, 897 F. Supp. 316, 317 (E.D. Tex. 1995).  Under such principles, federal courts seek to avoid rulings that may intrude upon the authority of sister courts, and piecemeal resolution of issues that call for a uniform result. *West Gulf Maritime Ass'n*, 751 F.2d at 729.

It would be a gross violation of these principles of comity and judicial efficiency to allow the present action to proceed in tandem with the first-filed action.  The two actions are duplicative and share the same subject matter.  The patent asserted in this case

is also the subject of HTC's first-filed action. In addition, all of the parties in this action are also parties to the first-filed California declaratory judgment action. Indeed, HTC's first-filed California Action subsumes the entirety of the subject matter of this action *and* the plaintiffs' other actions against HTC in this district. Most importantly, the first-filed court has ruled that it is the appropriate forum for the adjudication of the parties' claims. Lambert Decl., Ex. 3 at 8. Therefore, this Court should dismiss the present, later-filed action in deference to the first-filed case in California. *See id.* at 729; *Pittman* v. *Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("Ordinarily, as occurred here, the district court confronted with the later-filed action should dismiss it in favor of the case that was filed earlier").

### 2. This Court Should Defer to the First-Filed Court and Transfer the Case to the First-Filed Court

In lieu of dismissal, the overwhelming overlap of issues between this case and the first-filed California Action justifies transfer to the first-filed court under the essential deference principles of the first-to-file rule. When faced with such substantial overlap, "the proper course of action [is] for the [second-filed] court to transfer the case" to the first-filed court. *Cadle*, 174 F.3d at 606. Moreover, "[o]nce the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to [the second-filed] court to resolve the question of whether both should be allowed to proceed." *Id.* at 605-06 (*quoting Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)).

### 3. The Court Should Dismiss or Transfer this Action Because the Northern District of California Is the More Convenient Forum

The first-to-file doctrine is consistent with the Federal Circuit's recent decision in *Micron*, which defines the scope of discretion afforded to trial courts in making a venue determination between a first-filed declaratory judgment action and a subsequently filed

8

infringement action in a second forum.  518 F.3d at 903-05.  The *Micron* court recognized that a section 1404(a) convenience analysis should guide the outcome.  There, the Federal Circuit reasoned:

> With an eye toward the convenience factors, the Northern District of California is the more convenient forum for the dispute between Micron and MOSAID.  Although MOSAID is a Canadian company, its U.S. operations are based out of the Northern District of California.  Both Micron and MOSAID do business both in California and Texas, so this does not weigh in favor of either forum.  Also, the record does not show that availability of witnesses or jurisdiction over desirable parties favors Texas over California.  While the well-known patent forum of the Eastern District of Texas has heard cases involving some of the same patents, the record does not show any ongoing litigation requiring consolidation.  Therefore, this factor also does not suggest a better forum in Texas.  On balance, the jurisdiction of the first-filed declaratory judgment action appears to be the more convenient forum for both parties.

*Id.* at 905.

In its October 21 Order, the Northern District of California (which also heard *Micron*) acknowledged that the California Action is "factually similar" to *Micron* and applied *Micron* to conclude that California, not Texas, is the appropriate and more convenient forum for this action.  Lambert Decl., Ex. 3 at 7.  In fact, the circumstances are far more compelling here than in *Micron* because one of the plaintiffs and at least one of the two inventors of the patent-in-suit are located in the Northern District of California.  *Id.*; Complaint ¶¶ 1-2; Lambert Decl., Ex. 7.  For these reasons, there can be no doubt that the Northern District of California is the most convenient and appropriate forum for resolution of the patent infringement issues between TPL, Patriot Scientific and HTC.  In fact, as explained in the October 21 Order, the Northern District of California has already adjudged that the convenience to the parties and witnesses is best served by trying the parties' claims in California, and it would be an abuse of discretion to hold otherwise under *Micron*.  Lambert Decl., Ex. 3 at 6-7.

The *Micron* analysis is in line with the Fifth Circuit's application of the first-to-file rule.  A district court "may transfer any civil action to any other district court where it

9

might have been brought . . . for the convenience of the parties and witnesses" or "in the interests of justice." 28 U.S.C. § 1404(a). Determination of the more convenient forum depends on a number of private and public interest factors. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. Oct. 10, 2008). Application of the *Volkswagen* private interest factors leads to the same conclusion that the Northern District of California reached under *Micron*.

(1)     Transferring this case to California would promote "the relative ease of access to sources of proof" because TPL and Patriot Scientific respectively maintain their principal places of business in Cupertino, California, and Carlsbad, California. Complaint ¶¶ 1-2; *see Volkswagen*, 545 F.3d at 315. Neither plaintiff has offices, employees or known witnesses in the Eastern District of Texas. Ho Decl. ¶ 6. Documents and other evidence relevant to this litigation are more likely to be located in the Northern District of California, or in locations that are much closer to that district than this one. Ho Decl. ¶ 4; *see Volkswagen*, 545 F.3d at 316 (holding that this "meaningful factor" favors transfer to the district where documents and other physical evidence are located).

(2)     Transferring this case would promote "the availability of the compulsory process to secure the witnesses' attendance" because at least one of the inventors of the patent-in-suit resides in the Northern District of California, and none reside in the Eastern District of Texas. *See* Lambert Decl., Ex. 7; *see also Volkswagen*, 545 F.3d at 315. To the extent that one inventor may be located in Dallas, Texas, such fact would simply make the residence of the inventors a "dead heat" issue and insufficient to sway the analysis against the first-filed court.

(3)     Transferring the case would reduce "the willing witnesses' cost of attendance," because the plaintiffs are both located in California, at least one of the two inventors resides in the Northern District of California, and HTC's witnesses can more easily and cheaply travel from Taiwan and Seattle to San Francisco, California than to

Marshall, Texas.  Lambert Decl., Ex. 2 ¶¶ 2-3; Lambert Decl., Ex. 7; Ho Decl. ¶ 4; *see also Volkswagen*, 545 F.3d at 315-16; *Eskofot A/S v. E.I. du Pont de Nemours & Co.*, 872 F. Supp. 81, 95-96 (S.D.N.Y. 1992) (district with international airport favored for convenience of foreign witnesses).

(4)     Because both plaintiffs have their principal places of business in California, because at least one of the inventors of the patent-in-suit resides in the Northern District of California, and because travel from the HTC offices to California is both faster and cheaper, there can be no doubt that a transfer would make trial of the infringement issues relating to the '336,'749, and '148 Patents less expensive.  *See* Complaint ¶¶ 1-2; Lambert Decl., Ex. 7; Ho Decl. ¶ 4; *see also Volkswagen*, 545 F.3d at 315 (court should also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive").  Moreover, the dispute over this patent is already part of a larger dispute over other MMP patents among the parties, and has been related to other cases in the same patent families which were filed concurrently with the first-filed California Action.  *See* Lambert Decl. ¶ 11.

The *Volkswagen* convenience factors related to the public interest also weigh in favor of transferring this case.  *See Volkswagen*, 545 F.3d at 315-316.  (1) The factor concerning "the administrative difficulties flowing from court congestion" is neutral on the question of whether this case should be transferred. (2) The factor concerning "the local interest in having localized interests decided at home" weighs in favor of transfer because both of the plaintiffs are California corporations and HTC has no ties to the Eastern District of Texas. (3) The factor addressing "the familiarity of the forum with the law that will govern the case" is neutral because both the Eastern District of Texas and the Northern District of California are experienced with and have expertise in complex patent cases. (4) The factor concerning "the avoidance of unnecessary conflict of laws problems when applying foreign law" is also neutral.  Hence, on balance, these factors weigh in favor of transfer.

11

## IV. CONCLUSION

For the foregoing reasons, HTC respectfully requests that the Court grant its motion to dismiss or, in the alternative, transfer this action to the Northern District of California.

Dated: December 1, 2008                    Respectfully submitted,

                                                               /s/ Kyle D. Chen /s/
William Sloan Coats
Kyle D. Chen
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
(650) 213-0300
(650) 213-8158 FAX
wcoats@whitecase.com
kchen@whitecase.com

Deron R. Dacus
Eric H. Findlay
Ramey & Flock, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
(903) 597-3301
(903) 597-2413 (FAX
ddacus@rameyflock.com
efindlay@rameyflock.com

ATTORNEYS FOR DEFENDANTS
HTC CORPORATION AND HTC
AMERICA, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 1, 2008, I electronically filed the foregoing DEFENDANTS HTC CORPORATION'S AND HTC AMERICA, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                               /s/ Kyle D. Chen
                                               Kyle D. Chen